went several miles in a buggy to the notary, and took the executed papers back to the city, he says that he did not know that one of the papers executed by the plaintiff was a mortgage, and that he did not understand a mortgage was to be made by her. The evidence on the part of the defendants was to the effect that the mortgage was within the arrangement made by them with or through Mr. Requa. There was no apparent reason for taking the mortgage to serve substantially the same purpose as that for which the deed of the property to Habirshaw was intended. But this is not a question of much consequence, since, by a sale of the premises pursuant to judgment of foreclosure of the first mortgage of $20,000, the one so questioned ceased to have the appearance of a lien upon the property. A careful examination of the evidence leads to the conclusion that the questions presented for the trial court were those of fact only, and that all the facts essential to the determination there made, as represented by the conclusions of law, had the support of evidence, and the view which the trial court was permitted to take of it was such that the result cannot well be said to have been against the preponderance of evidence. We have also examined the many exceptions taken to the exclusion and reception of evidence, and to the numerous refusals to find as requested, and think that there was no error to the prejudice of the plaintiff in any of the rulings of the court.

The judgment, so far as appealed from, should be affirmed.

---

### DEPEW et al. v. BEAKES.

(Supreme Court, Appellate Division, Second Department. April 13, 1897.)

REPLEVIN BY SELLER AFTER RESCISSION—RIGHT OF POSSESSION.
    A seller, on rescinding the sale, becomes at once entitled to the possession of the goods, so as to entitle him to bring replevin (Code Civ. Proc. § 1690, subd. 3), though they have been seized under attachment.

Appeal from Orange county court.

Replevin by Edward D. Depew and others against Adam W. Beakes, sheriff of Orange county. There was a judgment in favor of plaintiffs, and defendant appeals. Affirmed.

The opinion of Hon. JOHN J. BEATTIE, County Judge, is as follows:

Under section 1690 of the Code of Civil Procedure, as it existed when the case of Wise v. Grant, 140 N. Y. 593, 35 N. E. 1078, was decided, the only effect of the seizure by the plaintiff in the attachment was to cut off the remedy by replevin, if, at the time of such seizure, the seller of the goods levied on had not rescinded the sale. The fact that such remedy was denied the seller did not leave him remediless. After the seizure, he was still entitled to rescind, and, upon such rescission, to maintain an action for conversion against the sheriff. 140 N. Y. 596, 35 N. E. 1078. The legislature seems to have recognized the fact that if the seller, by his own acts, might create the right to maintain an action for conversion, there was little, if any, reason why such an act should not authorize the maintenance of an action for the recovery of the property seized, instead of its value. By an amendment of 1894, the wording

of subdivision 3 of section 1690 of the Code was changed, so that the remedy by replevin is denied only in cases where at the time of the commencement of the action the plaintiff had not the right to reduce the property into his possession. By that amendment, the cases cited by the appellant, and which, upon the argument, seemed conclusive in his favor, become inapplicable to the facts in this case. The plaintiffs, before commencing this action, but after the seizure by the defendant, rescinded the sale for fraud, and gave notice of such rescission to him. Upon such rescission the plaintiffs' rights of possession accrued at once (140 N. Y. 596, 35 N. E. 1078); and they were then within the terms of section 1690 of the Code, and entitled to maintain their action.

The judgment should be affirmed, with costs.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

A. H. F. Seeger, for appellant.

Seward U. Round (Albridge C. Smith, of counsel), for respondents.

PER CURIAM. Judgment affirmed, with costs, on the opinion of the county judge.

---

(20 Misc. Rep. 18.)

ELLIOTT et al. v. LUENGENE.

(City Court of New York, General Term. April 1, 1897.)

1. TRIAL—REMARKS OF COUNSEL—REFERENCE TO FORMER TRIAL.
　　A statement by counsel at the opening "that an appeal from a former trial of this case was taken by the defendant" is not equivalent to a statement of the course and result of the former trial, so as to require a reversal.

2. WITNESS—EXAMINATION TO SHOW BIAS.
　　The assignor of a cause of action, having been asked on cross-examination if he had any interest in the result of the action, stated that he had, and that, if any money was coming to him, he should like to have it. Held, that it was proper to ask him further how any money was coming to him, where counsel stated that the purpose of the question was merely to show that the witness was interested.

Appeal from trial term.

Action by Richard W. Elliott and William R. Cougle against Charles H. Luengene. From a judgment entered on a verdict in favor of plaintiffs, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before FITZSIMONS, McCARTHY, and CONLAN, JJ.

Jacob Fromme, for appellant.

Abram Kling, for respondents.

McCARTHY, J. The principal issue between the parties herein was whether the goods claimed were sold or consigned to the defendant. The evidence was conflicting, and the jury, under a fair and impartial charge, having found against the defendant, and in favor of the plaintiffs, settles the question so far as we are concerned.

We are, then, to consider the question of irregularity raised, and the exceptions taken at the trial. We, of course, can only pass on