WILLIAM B. BREEZE, Appellant, *v.* TRIVOT BAYNE et al., Respondents.

Chattel mortgage — failure to refile mortgage does not render it invalid against creditors of mortgagor, if mortgagee takes mortgaged property into his possession before the year expires.

A mortgagee who, prior to the expiration of the year from the time when the chattel mortgage is first filed and after default by the mortgagor, takes the property into his actual possession, holds the title to said property as such mortgagee under a mortgage then valid, subject only to an accounting, and the failure to subsequently refile the mortgage, pursuant to said statute, does not divest him of his title thereto, nor does it make his title as such mortgagee invalid as against the creditors of the mortgagor.

*Breeze* v. *Bayne*, 136 App. Div. 909, reversed.

(Argued May 1, 1911; decided May 16, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department,

entered December 23, 1909, affirming a judgment in favor of defendants' entered upon a decision of the court at a Trial Term, a jury having been waived.

On February 25, 1907, Elbert Bane executed and delivered to Fred Fisher an instrument in writing, including a chattel mortgage, upon certain property therein described, which instrument was duly filed as a chattel mortgage on February 27, 1907.

On February 27, 1907, said Bane executed and delivered to said Fisher another chattel mortgage on personal property therein described, which was duly filed February 27, 1907.

On March 23, 1907, said Bane executed and delivered a third chattel mortgage to said Fisher on one brown horse, which was duly filed on March 23, 1907. On March 27, 1908, the said Bane being indebted to the defendant, Trivot Bayne, for money loaned in an amount exceeding $500.00, confessed judgment to said Trivot Bayne before a justice of the peace in the county of Orleans and judgment was duly entered against said Elbert Bane for said amount of $500.00, and on the same day an execution was duly issued thereon and delivered to the defendant James H. Bolton, a constable, and said constable pursuant to the directions of said execution levied upon all of the goods and chattels described in the complaint herein and in said chattel mortgages and took the same into his actual possession. He thereupon posted notices of a sale of said goods and chattels by virtue of said execution and levy to take place on April 1, 1908.

On March 21, 1908, John V. Parker, acting for and on behalf of a committee duly appointed on March 16, 1908, of the person and estate of said Fred Fisher, then a lunatic, posted notices of a sale of the goods and chattels described in said chattel mortgages to take place by virtue of said chattel mortgages March 28, 1908.

On March 28, 1908, the goods and chattels were sold pursuant to said chattel mortgages. The purchasers at said

sale were unable to obtain possession of said goods and chattels, including said horse, because they were then held by the defendant Bolton pursuant to said execution. The purchasers at said sale transferred and assigned their claims and title, respectively, as such purchasers to the plaintiff, and this action was brought against Trivot Bayne, the judgment creditor, under said judgment, and the defendant Bolton, the constable, holding possession of the goods and chattels by virtue of the execution issued on said judgment, to recover possession of said goods and chattels, and said goods and chattels were actually taken pursuant to an order duly issued in this action. Upon the trial of the action judgment was rendered in favor of the defendants for the amount of said judgment, and also in case the said judgment is not collected, for the goods and chattels, including said brown horse, all as described in said judgment. The value of the goods and chattels is not found, but it is found by the court that " the right of possession of said goods and chattels by the defendant Bolton, was a special property herein, the value of which is hereinafter fixed, because the value of said special property is less than the value of said goods and chattels at the time of the trial." An appeal was taken from the judgment entered thereon to the Appellate Division, where the judgment was unanimously affirmed.

*Leon M. Sherwood* for appellant. By the agreement made on the 9th day of March, 1908, the defendant Bayne became a bailee or receiptor for the brown horse described in the chattel mortgage dated March 23, 1907, and was estopped from asserting any title to it until he had first delivered it to his bailor, plaintiff's assignor. (*Dezell* v. *Odell*, 3 Hill, 258; *Cornell* v. *Dakin*, 38 N. Y. 253; *Haas* v. *Alteri*, 50 N. Y. S. R. 341; *Western Trans. Co.* v. *Barber*, 56 N. Y. 552; *People* v. *Reeder*, 25 N. Y. 302; *Gerber* v. *Monie*, 56 Barb. 652; *Oderkirk* v. *Cent. Nat. Bank*, 119 N. Y. 263; *Levin* v. *Russell*, 42 N. Y. 251; *Porter* v.

*Parmley,* 52 N. Y. 185; *Com. Bank* v. *Davy,* 62 N. Y. S. R. 681.)

*Benjamin W. Hall* and *Fred. B. Skinner* for respondents. The chattel mortgages became void under the statute as to Trivot Bayne, the respondent, one year after the date of filing. (*Thompson* v. *Van Vechten,* 27 N. Y. 568; *Karst* v. *Gane,* 136 N. Y. 316; *Stephens* v. *Perrine,* 143 N. Y. 476; *Bowdish* v. *Page,* 153 N. Y. 104; *Russell* v. *St. Mart,* 180 N. Y. 355; *Skilton* v. *Codington,* 185 N. Y. 80; *Gove* v. *Morton Trust Co.,* 96 App. Div. 181; *Solomon* v. *Arants,* 113 App. Div. 909; *Tooker* v. *Siegel-Cooper Co.,* 55 Misc. Rep. 68.) There was no bailment here, and even if there had been it could not have affected the rights of creditors. (*Russell* v. *Winne,* 37 N. Y. 591; *Young* v. *Bushnell,* 8 Bosw. 1; *Farrell* v. *Higley,* Hill & D. Supp. 87; *Jewett* v. *Miller,* 10 N. Y. 402; *Wiederwax* v. *Jacques,* 18 Wkly. Dig. 240; *Schnitzer* v. *Huested,* 39 N. Y. S. R. 210; *Long* v. *Path,* 16 Misc. Rep. 85; *Iselin* v. *Henlien,* 16 Abb. [N. C.] 73; *Baker* v. *U. M. L. Ins. Co.,* 43 N. Y. 283; *Brant* v. *V. C.,* etc., *Co.,* 93 U. S. 326; *Steele* v. *St. L. S.,* etc., *Co.,* 106 U. S. 447; *Fitzpatrick* v. *Flannagan,* 106 U. S. 648; *Strum* v. *Boker,* 150 U. S. 312.)

CHASE, J. The only question for our consideration is whether the findings of fact support the conclusions of law based thereon.

It is provided by the Lien Law (Cons. Laws, ch. 33, § 235) as follows: "A chattel mortgage, .* * .* shall be invalid as against creditors of the mortgagor * * * after the expiration of the first or any succeeding term of one year, reckoning from the time of the first filing, unless,

"1. Within thirty days next preceding the expiration of each such term, a statement containing a description of such mortgage, the names of the parties, the time

14

when and place where filed, the interest of the mortgagee or any person who has succeeded to his interest in the property claimed by virtue thereof, * * * ·

"2. A copy of such mortgage and its indorsements, together with a statement attached thereto or indorsed thereon, showing the interest of the mortgagee or of any person who has succeeded to his interest in the mortgage, is filed in the proper office. * * *"

No statement was filed as required by said statute at the expiration of the first term of one year from the first filing of said chattel mortgages, or either of them, or at any time.

It is, however, found by the court as follows: "*Nineteenth.* That heretofore and on the 9th day of March, 1908, the said Trivot Bayne was in the apparent possession of the stock and chattels described in the complaint, when the said Parker, as agent as aforesaid, entered upon the premises occupied by the said Bayne for the purpose of taking possession of said property in the course of the foreclosure of said chattel mortgage, and that it was then mutually agreed between the said Parker and the said Trivot Bayne, that the said Bayne, in consideration that the said Parker would not remove the chattel mortgaged property and effects from the said premises, that he, the said Trivot Bayne, would keep, care for, and turn over the same to the said Parker, as agent of the Fishers, on demand."

Except for the facts stated in the finding quoted it is undisputed that by the express terms of said statute said chattel mortgages were on March 28, 1908, invalid as against said defendant Bayne, a judgment creditor. (*Stephens* v. *Perrine,* 143 N. Y. 476; *Russell* v. *St. Mart,* 180 N. Y. 355; *Porter* v. *Parmley,* 52 N. Y. 185.)

On March 9, 1908, the first two chattel mortgages had become invalid as against creditors, but the third chattel mortgage had at that time been duly filed and one year had not expired since it was so duly filed. It is found as

stated that Parker on that day, as agent of the mortgagee, entered into a mutual agreement with the defendant Trivot Bayne, that he, the said Bayne, would keep, care for and turn over the said goods and chattels to said Parker as such agent on demand. The possession of the defendant Trivot Bayne became the possession of the mortgagee, and·it does not appear in any way that he returned the property to the mortgagee. He apparently delivered the same to the constable holding an execution issued in his (Bayne's) behalf upon the judgment confessed by the mortgagor to him.

A mortgagee, who prior to the expiration of the year from the time when a chattel mortgage is first filed and ·after default by the.mortgagor takes the property into his actual possession, holds the title to said property as such mortgagee under a mortgage then valid, subject only to an accounting and his failure to subsequently refile the mortgage pursuant to said statute, does not make his title as such mortgagee in possession invalid as against the creditors of the mortgagor. (Jones on Chattel Mortgages [5th ed.], §§ 294, 699; *Porter* v. *Parmley, supra; Steele* v. *Benham,* 84 N. Y. 634; *Tremaine* v. *Mortimer,* 128 N. Y. 1.)

The purchaser of the brown horse at the chattel mortgage sale, therefore, as against Trivot Bayne, the defendant beneficially interested in this action and the person who contracted to keep and care for the same·as the agent of the mortgagee, obtained good title to it and was₀ entitled to the possession of said horse when the demand was made therefor upon the defendants. (*Dezell* v. *Odell,* 3 Hill, 215; *Cornell* v. *Dakin,* 38 N. Y. 253; *Western Transportation Co.* v. *Barber,* 56 N. Y. 544, 552; *Ouderkirk* v. *Central Nat Bank,* 119 N. Y. 263.)

It is difficult for us upon the record to determine the ultimate effect of holding that the brown horse was improperly withheld from the possession of the plaintiff, even if as suggested .by the respondent such horse died

subsequent to the same being taken pursuant to the order in this action.

The conclusion of law that the third chattel mortgage was invalid as against the defendants is not sustained by the findings, and the judgment is wrong so far as it is based upon such erroneous conclusion.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Cullen, Ch. J., Gray, Haight, Vann and Werner, JJ., concur; Willard Bartlett, J., absent.

Judgment reversed, etc.