## LATHROP v. TWELFTH WARD BANK et al.

(Supreme Court, Appellate Division, Second Department. October 20, 1911.)

1. CHATTEL MORTGAGES (§ 208*)—ASSIGNMENT—RIGHTS OF ASSIGNOR AND ASSIGNEE.

Where a bank assigned a chattel mortgage, and subsequently a receiver in supplementary proceedings in a judgment recovered by the bank against the mortgagor replevied, seized, and sold the mortgaged chattels, and paid over to the bank the net proceeds of the sale without notice of the proceedings to the assignee of the mortgage, the bank is not relieved from liability to the assignee on the ground that the receiver was an officer of the court, and acted as such in the seizure and sale, where it does not appear that the receiver acted under any authority given him by the court.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 455–462; Dec. Dig. § 208.*]

2. LIMITATION OF ACTIONS (§ 12*)—PERSONS ENTITLED—RECEIVERS.

Under Code Civ. Proc. § 383, subd. 4, requiring an action against a receiver for taking or detaining personalty to be instituted within three years, an action against one individually for his act as receiver is barred in the time named.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 12.*]

Appeal from Trial Term, Westchester County.

Action by Spencer Lathrop against the Twelfth Ward Bank and others. From a judgment for plaintiff, and an order denying a motion for new trial on the minutes, defendants Twelfth Ward Bank and another appeal. Affirmed as to the Twelfth Ward Bank, and reversed as to appellant Eugene C. Gilroy.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

L. M. Berkeley, for appellant Twelfth Ward Bank.

Allan C. Rowe (Sumner Bowman, on the brief), for appellant Gilroy.

Hugh M. Hewson, for respondent.

HIRSCHBERG, J. In the month of July, 1902, the defendant Hickok Printing Company executed a chattel mortgage on certain personal property belonging to it to secure the sum of $3,605.51 and interest. The mortgage was duly filed on the day of its date, and was thereafter assigned to the plaintiff by the mortgagees for value. It provided that until default the chattels covered by it should remain in the possession of the mortgagor. In June, 1902, the appellant Eugene C. Gilroy was duly appointed receiver in supplementary proceedings in a judgment recovered by the appellant the Twelfth Ward Bank against the Hickok Printing Company, and as such receiver he thereafter commenced an action against said company, in which action he replevied, seized, and sold the mortgaged chattels, and paid over to the bank the net proceeds of the sale. The sale was made on October 4, 1902. No notice of these proceedings was given to the plaintiff, nor does it appear that he had any knowledge of it until shortly be-

fore the commencement of this action. The proceeds of the sale remain in the possession of the bank, and the mortgaged chattels have been and remain effectually dispersed, to the undoubted pecuniary injury of the plaintiff as mortgage assignee.

[1] The bank, as appellant, claims immunity from liability on the ground that as the receiver was an officer of the court, and acted as such in the seizure and sale, it is not liable for the consequences of his act. It does not appear, however, that in the replevy and sale the receiver acted under any authority given him by the court, and it would seem that, even had he done so, the fact that the bank has received and retains the proceeds of the sale would be sufficient to impose liability on it. The act of the receiver was clearly tortious, and the case of Hamill v. Gillespie, 48 N. Y. 556, relied on by counsel for the bank, is not applicable, as in that case the sale was clearly lawful.

[2] The action, however, as against the appellant Gilroy, was barred by the provision of section 383 of the Code of Civil Procedure, which provides (subdivision 4) that an action against a receiver to recover damages for taking, detaining, or injuring personal property by him, or the person whom he represents, shall be instituted within three years. The present action was commenced in September, 1908, and the defense was duly pleaded and overruled upon the trial. Although the action is brought against the appellant Gilroy individually, he is clearly entitled to the benefit of the limitation. This was held in the case of an executor sued individually for a wrong in Matter of Van Slooten v. Dodge, 145 N. Y. 327, 39 N. E. 950, followed by this court in Reimers v. Schmitt, 68 App. Div. 299, 74 N. Y. Supp. 122. The same construction has been given to subdivision 1 of section 385 of the Code of Civil Procedure, requiring an action against a sheriff for liability incurred in his official capacity, or for the omission of an official duty, to be instituted within one year. See Cumming v. Brown, 43 N. Y. 514, and, to the same effect, Murphy v. Callan, 69 App. Div. 413, 74 N. Y. Supp. 1009, and Conley v. Carney, 126 App. Div. 337, 110 N. Y. Supp. 528.

The judgment and order should be affirmed as to the appellant Twelfth Ward Bank, and reversed as to the appellant Gilroy.

Judgment and order affirmed, with costs, as to the appellant Twelfth Ward Bank, and reversed, and new trial granted, costs to abide the event, as to the appellant Gilroy. All concur.