(152 App. Div. 738.)

MORTON v. SMITH HOISTING CO. et al.

(Supreme Court, Appellate Division, Second Department. October 11, 1912.)

1. MASTER AND SERVANT (§ 129*)—INJURY TO SERVANT—LIABILITY OF SUB-CONTRACTORS.

An employé of a subcontractor for the iron work in the construction of a building placed tie-rods across a corner of an opening for an elevator in such a way that it was practically impossible for them to slip off and fall without being lifted. An employé of a second subcontractor lifted a piece of timber by a rope through the opening, and it hit a tie-rod, which fell and struck an employé of the general contractor while engaged in his work. The employé of the first subcontractor did not know that the opening would be used for any of the purposes of the second subcontractor, and he had no reason to anticipate that the tie-rods would be moved from their position, and his attention was not called to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the act of the employé of the second subcontractor. *Held,* that the first subcontractor was not liable for the accident, but the second subcontractor was liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 257-263; Dec. Dig. § 129.*]

2. DEATH (§ 99*)—DAMAGES—EXCESSIVE DAMAGES.

Where, in an action for the negligent death of a man 28 years old, earning $5 per day, there was no evidence of the amount of wages he had earned during the year last passed, or of how many days he worked on an average, or of his capabilities, or of the condition of his health and habits of life, or of what portion of his earnings he gave to the support of his family, a verdict for $20,000 was excessive, and must be reduced to $10,000.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 125-130; Dec. Dig. § 99.*]

Thomas, J., dissenting in part.

Appeal from Trial Term, Kings County.

Action by Annie Best Morton, as administratrix of Edward Morton, deceased, against the Smith Hoisting Company and Milliken Bros., Incorporated. From a judgment for plaintiff, and from orders denying defendants' motions for new trial, they appeal. Reversed and new trial granted in part, and conditionally reversed in part.

Argued before HIRSCHBERG, THOMAS, CARR, WOODWARD, and RICH, JJ.

James S. Darcy, of New York City (Edward D. Loughman, of New York City, on the brief), for appellant Smith Hoisting Co.

Frank Verner Johnson, of New York City, for appellant Milliken Bros., Inc.

Frederick S. Lyke, of Brooklyn, for respondent.

WOODWARD, J. Plaintiff's intestate, Edward Morton, was in the employ of the general contractor on the 27th day of September, 1910, doing carpenter work in the construction of a building at the corner of Twenty-Fourth street and Seventh avenue, Manhattan. He was at work on the third floor of the building with one Markis. The immediate work was in connection with the elevator shaft, and plaintiff's intestate and Markis were leaning over the edge of the elevator shaft, when an iron bar, known as a tie-rod in steel construction, fell from the floor above, striking him in the back of the neck, and causing him to fall down the shaft, with fatal results.

[1] The defendant Milliken Bros., Incorporated, had the contract for the iron work, and at the time of the accident the main girders had been placed on the fourth floor, and the work of putting in the tie-rods for the support of the girders and the increased strength of the building was under way. One Watson, an employé of Milliken Bros., was engaged in placing these tie-rods, and had brought four of these metal bars (round rods six or seven feet in length, with a nut at each end) to a convenient point, placing

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

them diagonally across the corner of one of the openings for the elevators, so that the nuts on either end dropped below the upper edge of the girders, making it practically impossible for them to slip off without the intervention of a lifting power. Taking one of these four bars, Watson was proceeding with his work, leaving the other three in the position which has been described, when one Molefsky, an employé of the defendant Smith Hoisting Company, came to the fourth floor for the purpose of fitting up the rigging for the temporary material elevators which his company provided for the use of the other contractors. Molefsky lowered a rope through the opening left for the elevators, where Watson had placed his tie-rods, and a piece of timber, nearly seven feet in length and known as a headpiece, was attached to the rope, and Molefsky hauled the rope up until the headpiece could be grasped about the middle, and he then placed it across his knee and swung it up to the girder surrounding the elevator opening. In doing this the lower end of the headpiece came under the tie-rods in such a manner as to lift and displace them, with the result that they fell to the floor below, doing the injury to plaintiff's intestate above narrated. There was some little conflict of evidence as to whether the headpiece hit these tie-rods; but there was direct evidence that it did, and the jury was justified in finding this as a fact, and, for the purpose of determining the liability of Milliken Bros., at least, it must be assumed that this was the fact. This headpiece was a heavy plank, which was to be placed on the fourth floor upon some temporary structure, to which would be attached a pulley, carrying ropes and tackle used in the elevation of materials, and Molefsky was engaged in the act of installing this temporary elevating device when the accident occurred. He was not employed by Milliken Bros., and, so far as appears, neither the Milliken Bros nor their employé, Watson, knew anything about the intention of the Smith Hoisting Company to change its apparatus until the very moment that Molefsky appeared on the scene with his rope and began the work of elevating the materials from the floor below to the fourth floor. There is no evidence that Watson knew, when he placed the tie-rods across one corner of the open elevator shaft, that it was to be used for any of the purposes of the Smith Hoisting Company. He had, in the ordinary performance of his duty, brought a quantity of materials to the point where they were to be used, had placed them where they could not fall without the intervention of some decided outside force, and had gone about his work in the usual way; and yet a jury, under confusing instructions from the court, has found Watson's employer guilty of negligence resulting in the death of plaintiff's intestate.

Is it possible that an employer is bound to anticipate an accident under such circumstances, and to provide against it? The tie-rods were perfectly safe when they were placed, there was no reason to anticipate that they would move from their position without being lifted up, and no one, with the exception of Watson, was in a position to meddle with them. Molefsky came onto the

scene, with Watson busy with his work and his back turned, and began lifting a piece of timber, though it does not appear that Watson's attention was in any manner directed to just what was being done, and the evidence indicates that Watson did not know, until about the instant of the contact, that a timber was being raised, or that anything was being done which would in any manner tend to disturb the tie-rods. Indeed, the codefendant argues in its brief that Watson actually did not see the contact at all; that he merely saw the results of the accident, and concluded that this was the only way to account for it, at the same time urging that it was negligent for Watson to have permitted the work to go on without taking precautions in reference to the tie-rods which he had originally left in a perfectly safe situation. There was no flooring in place on the fourth tier of girders, and unless the Milliken Bros. owed the duty of compelling Watson to go for each one of the tie-rods separately there is nothing to indicate that the place which he made use of was not as prudently chosen as it was possible. The mere fact that plaintiff's intestate happened at the moment to be working in a place where the falling rods hit him does not go to establish negligence on the part of Milliken Bros. Watson's selection of a place to put his materials in the performance of a detail of his labor which was not shown to produce greater hazards than any other place which he might have selected is certainly not an act of negligence, so long as the place which he did select, and the manner of placing it, was reasonably safe for others who were working in the building. Obviously Watson only did what any reasonably honest and intelligent man would have done under the circumstances. He brought what materials he could conveniently handle to the point where they were to be used, placed them where they could not roll away or fall down without outside help, and then went to his work, intending to place the several pieces as fast as he came to them, and no harm could have come to the plaintiff's intestate, except for the intervention of Molefsky, who was in a position to see the exact situation, but who appears not to have suggested that the tie-rods be removed, or that they were in any danger of being disturbed. The evidence shows that other people were at work there, that there was a man drilling holes with a hand drill, that a steam riveter was at work near at hand; and we may well take notice that in the practical work of constructing a modern building in the city of New York men engaged in different parts of the work cannot keep watch of what other laborers are doing and accomplish a fair day's work. It was no more the duty of Watson to watch to see that the materials which he had safely placed were not disturbed than it was to watch the man running the hand drill or the man running the riveting machine. He had, notwithstanding the charge of the court, the right to rely upon other persons working in and about the building to use reasonable care, and the sole proximate cause of the accident now under consideration, assuming it to have occurred as above

described, was the act of Molefsky, and Milliken Bros. were in no wise responsible for his acts.

This view of the case makes it unnecessary to consider the charge of the court, to which exceptions were taken, and which broadly presents this same question.

[2] Assuming the facts as above stated, and the evidence supports the finding, we are of the opinion that the verdict of the jury as against the Smith Hoisting Company is not against the weight of evidence, and that in law it is justified, except as to the amount of the same. Under the statute the survivors are only entitled to recover the amount of their pecuniary losses, and the only facts in evidence in this case bearing upon the question are his age, and the fact that he was said to be getting $5 per day when he worked. He was 28 years of age. How many days he worked on an average, what amount of wages he had earned during the year last past, what his capabilities were of working, the condition of his health, and his habits of life, as well as what portion of his earnings went to the support of his family, are all absent from the case. He may have been dissolute and improvident. Only the most incidental part of his earnings may have gone to his family, or he may have worked only enough to support his family, and it seems to us that the verdict of $20,000 damages is not supported by this evidence—that there is nothing in the evidence to show that his family has suffered such an amount of pecuniary damage.

The judgment should be reversed, and a new trial granted, unless the plaintiff stipulates to reduce the amount of the recovery to $10,000, with interest from the date of the accident, in which event the judgment and order appealed from, as against the Smith Hoisting Company, should be affirmed, with costs. In so far as it affects Milliken Bros., Incorporated, the judgment and order appealed from should be reversed, and a new trial granted, costs to abide the event.

HIRSCHBERG, CARR, and RICH, JJ., concur. THOMAS, J., votes to affirm as to Milliken Bros., Incorporated, and to reverse as to Smith Hoisting Company.