(158 App. Div. 824.)

MORALES v. KLOPSCH.

(Supreme Court, Appellate Division, First Department. November 7, 1913.)

1. EXECUTORS AND ADMINISTRATORS (§ 437*)—ACTIONS—LIMITATION OF ACTIONS AGAINST EXECUTOR.

Under Code Civ. Proc. § 383, subd. 4, limiting actions against an executor for conversion by himself or his testator to three years, a suit against an executor for converting bonds, which, believing they were his testator's, he sold and applied the proceeds as part of his testator's estate, was barred after three years, though the executor was sued individually.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1729–1761, 1764; Dec. Dig. § 437.*]

2. LIMITATION OF ACTIONS (§ 66*)—TROVER—DEMAND.

While, so long as they were in his possession, a demand would have been necessary to charge an executor with conversion of bonds claimed by plaintiff, which came into the executor's possession lawfully, where he sold the bonds and applied the proceeds as a part of his testator's estate, such action constituted a conversion, and the statute of limitations began to run without any demand.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 353–375; Dec. Dig. § 66.*]

Appeal from Trial Term, New York County.

Action by Miguel Morales against Louis Klopsch, which after his death was revived against Mary M. Klopsch as his executrix. From an order vacating a judgment for defendant and granting a new trial, defendant appeals. Order reversed, and judgment reinstated.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, and DOWLING, JJ.

Joseph M. Hartfield, of New York City, for appellant.
Sterling Pierson, of Brooklyn, for respondent.

SCOTT, J. This action is for damages for the conversion of personal property, to wit, two Cuban bonds, and the coupons attached thereto. The original defendant was one Louis Klopsch, and the action has been revived against his executrix, the present defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The action was commenced on September 28, 1909. The amended complaint contains four causes of action all based upon the alleged conversion of two bonds and their coupons; said conversion being alleged as having taken place on March 25, 1904, April 20, 1904, June 14, 1905, and September 29, 1905. From the evidence it appeared that Klopsch had been appointed executor of one J. F. J. Xiques, who died October 12, 1903. Among the effects of said Xiques which came into the hands of his executor were two Cuban bonds payable to bearer, with coupons attached. These bonds were included in the inventory of the estate of Xiques, and were appraised as a part of his estate, and were ultimately disposed of by the executor as part of the estate. From the accounts of the executor filed with and approved by the surrogate, it appears that the coupons were collected at various dates prior to September 29, 1905, and that on said last-mentioned date the bonds themselves were sold, and the entire proceeds both of bonds and coupons ultimately expended for necessary expenses of administration or paid over to the legatees entitled to share in the estate. The executor made several accountings in the Surrogate's Court, and on August 5, 1909, a final decree was made settling his accounts and directing distribution of the estate. In 1904 a letter came into the hands of Klopsch, written by the plaintiff to Xiques, referring to the bonds. Klopsch at once replied to this letter asking for particulars of the plaintiff's claim to the bonds, but never received any reply. From January and July, 1904, Klopsch as executor published the usual six months' notice to creditors to present claims against the decedent, but no claim was presented by or in behalf of plaintiff.

In February or March, 1908, a letter from plaintiff was delivered to Klopsch, which recited the circumstances under which the bonds came into the hands of Mr. Xiques and amounted to a demand for the delivery of the bonds or their proceeds. To this letter Klopsch, through his attorney, replied rejecting the claim. Defendant pleads the three-year statute of limitation, and also the six-month statute. The trial court dismissed the complaint upon the ground that the action had been barred by the three-year statute of limitation. Upon a reargument of the motion to dismiss, however, the court concluded that the conversion did not take place, and consequently the cause of action did not accrue until demand was made and rejected in 1908, and consequently that the cause of action had not been barred by the statute of limitation. The result was the order appealed from.

[1]. We are of the opinion that the court was right in its first disposition of the case and that the order appealed from was erroneous. Section 383 of the Code of Civil Procedure (subdivision 4) provides as follows:

"An action against an executor, administrator, or receiver, or against the trustee of an insolvent debtor, appointed, as prescribed by law, in a special proceeding instituted in a court or before a judge, brought to recover a chattel, or damages for taking, detaining, or injuring personal property, by the defendant, or the person whom he represents," must be commenced within three years.

The action is one for conversion of chattels by Klopsch, the executor, and not an action brought upon any contract made by Xiques or his executor. Consequently the action was of necessity brought against Klopsch, individually, and not against the estate of Xiques. The conversion, however, was an act committed by Klopsch in the course of his administration of the estate and in pursuance of what he deemed to be his duty as executor. The question is, when did the conversion take place, for it was then that this cause of action accrued. The complaint fixes the dates of the conversions as those on which Klopsch collected the coupons and disposed of the bonds. In this we think the pleader was right. The rule is that in a case like the present, wherein one in a representative or official capacity, acting within the assumed scope of his authority, .commits an act which is equivalent to a conversion, although he is liable to suit individually, still he is entitled to the benefit of the three-year statute of limitations. Lathrop v. Twelfth Ward Bank, 146 App. Div. 567, 131 N. Y. Supp. 314.

[2] The order appealed from was evidently made upon the theory, now strongly urged by respondent, that a demand upon Klopsch was necessary in .order to fasten upon him liability as for a conversion. We do not so understand the law. A similar question was discussed in MacDonnell v. Buffalo Loan, Trust & Safe Deposit Co., 193 N. Y. 92, 85 N. E. 801, wherein the court said:

"The plaintiff asserts that there was no conversion until the 26th day of August, 1895, when his predecessor in title made a demand upon the defendant for the return of the bonds or the payment of their value, and this is upon the theory that the defendant's original possession of the bonds was lawful, so that no cause of action for conversion could have arisen until after a demand by the plaintiff and a refusal by the defendant. We think the plaintiff's contention is not tenable. The rule that one who comes lawfully into possession of the property cannot be charged with conversion thereof until after a demand and refusal is too well established to justify extended discussion. * * * But it has no application in a case where the lawful custodian of the property commits an overt and positive act of conversion by unlawful sale or disposition of the same. Pease v. Smith, 61 N. Y. 480. So long as the defendant was in possession of the bonds, under circumstances which might have made that possession lawful or unlawful at its will, a demand and refusal were necessary to put it in the wrong; but when it assumed to transfer the bonds to the German American Bank it committed an act which was in hostility to the right and title of the plaintiff. This was a distinct and unequivocal conversion. It was a wrongful taking, which at once created a cause of action in favor of the owner of the bonds. No demand was necessary. The sole object of a demand is to convert an otherwise lawful possession into an unlawful one. In such case the refusal furnishes the only evidence of a conversion."

The facts of the present case fit exactly with those presented in the case last above cited, and those cases which it relies upon, like Pease v. Smith, 61 N. Y. 480. Klopsch, the executor of Xiques, came lawfully into the possession of the bonds and coupons. So long as he held them unconverted a demand would unquestionably have been necessary to charge him with conversion. But when he sold them and distributed the proceeds he acted in hostility to the right and title of the defendant. That act constituted a conversion, and a cause of action at once accrued in plaintiff's favor, and from that moment the:

statute of limitations began to run in favor of Klopsch. As the action was not begun within three years thereafter, the defense founded upon the statute was a complete defense to the action.

The order appealed from must be reversed, with costs to the appellant, and the judgment reinstated. All concur.