CRUTTS v. DALY.

(Supreme Court, Trial Term, Niagara County. January 19, 1914.)

1. CHATTEL MORTGAGES (§ 173*)—REPLEVIN—RIGHT TO MAINTAIN ACTION.
   In view of Code Civ. Proc. § 1690, subd. 3, providing that an action to recover a chattel cannot be maintained where it is seized under a warrant of attachment against the property of a person other than the plaintiff, and plaintiff, when the action was begun, was not entitled to reduce the chattel into possession, a chattel mortgagee, whose mortgage is not yet due, may maintain replevin against a sheriff who has attached the mortgaged property, where the mortgagor has absconded, and the chattel mortgage authorizes the mortgagee to take possession in case of insecurity.
   [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 307, 309, 316–326; Dec. Dig. § 173.*]

2. CHATTEL MORTGAGES (§ 161*)—RIGHT OF MORTGAGEE TO TAKE POSSESSION.
   Where a chattel mortgage provides that the mortgagee may take possession in case of insecurity, he is justified in taking possession of the mortgage chattel, where the mortgagor absconded leaving the chattels without a custodian, even though the mortgage was not then due.
   [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 282–285; Dec. Dig. § 161.*]

3. ATTACHMENT (§ 53*)—PROPERTY SUBJECT TO ATTACHMENT.
   While property subject to chattel mortgage may be seized on an attachment against the mortgagor, such property is not subject to attachment after the mortgagee has taken possession, even though he takes possession under an insecurity clause in the mortgage and the debt is not yet due.
   [Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 139–143; Dec. Dig. § 53.*]

4. REPLEVIN (§ 58*)—PLEADING—SUFFICIENCY.
   A complaint in replevin by a chattel mortgagee against the sheriff, who had attached the mortgaged property in an action against the mortgagor,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which alleges unlawful detention of the mortgage chattel, is sufficient under Code Civ. Proc. § 1721, providing that where the complaint alleges plaintiff's title, and that defendant wrongfully took the chattel, it is sufficient, even though it did not allege that plaintiff, whose mortgage was not yet due, deemed himself unsafe, and so was entitled to possession under an insecurity clause in his mortgage.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 211–214; Dec. Dig. § 58.*]

5. CHATTEL MORTGAGES (§ 99*)—REFILING OF MORTGAGE.

Where a chattel mortgagee brought replevin for the mortgaged chattels before the expiration of the year, his failure to refile his chattel mortgage in accordance with Lien Law (Consol. Laws, c. 33) § 235, does not preclude his recovery, for the commencement of the action of replevin, in view of Code Civ. Proc. § 1718, providing that plaintiff may recover the chattel, though he has not replevied, is equivalent to the taking of possession, which would have relieved him of the necessity of refiling.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 178–181, 183; Dec. Dig. § 99.*]

Action by John H. Crutts against Dennis W. Daly, as Sheriff. Judgment for plaintiff.

Lee & Ward, of Lockport, for plaintiff.

M. C. Holley and W. S. Caton, both of Lockport, for defendant.

POUND, J. This is an action of replevin, brought by plaintiff as holder of a chattel mortgage, covering chattels taken by the defendant, as sheriff of Niagara county, by virtue of a warrant of attachment issued in an action brought in the Supreme Court by William E. Shaeffer against the owner and mortgagor of such chattels. Prior to the time of the levy, the plaintiff had actually taken possession of a team of horses covered by the mortgage, and after the levy he demanded possession of all chattels covered by the mortgage and seized by the sheriff. The mortgage was given in January, 1913, and duly filed, but in October following, on payment of $400, a team had been released from the lien thereof and mortgagor had given plaintiff another chattel mortgage covering chattels not affected by this suit. Shortly before the levy of the attachment was made, mortgagor had absconded, leaving the chattels on the farm of which he was a tenant.

[1] Where chattels covered by a chattel mortgage are seized by virtue of an attachment against the mortgagor, who has absconded, the mortgagee is justified in taking possession of the property under an insecurity clause in the mortgage, although the mortgage be not due, provided he acts in good faith, and he may maintain an action of replevin against the sheriff to recover possession of the chattels, notwithstanding the seizure under the warrant of attachment, if at the time of the commencement of the action he has the right to reduce the chattels to his possession. 7 Cyc. 12, 13, 20, and cases cited; Code Civ. Pro. § 1690, subd. 3; Depew v. Beakes, 16 App. Div. 631, 44 N. Y. Supp. 774; Hall v. Sampson, 35 N. Y. 274, 91 Am. Dec. 56; Allen v. Vose, 34 Hun, 57; Smith v. Smalley, 19 App. Div. 519, 46 N. Y. Supp. 277; Oppenheimer v. Moore, 107 App. Div. 301, 95 N. Y. Supp. 138.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] Can it be urged that plaintiff was not justified in feeling himself insecure when the mortgagor had absconded and creditors were attaching the property? It cannot be said that taking possession of the property under such circumstances was "a mere pretence for the purpose of enforcing payment of the security before maturity." It was rather a reasonable precaution to protect his rights.

[3] Where the mortgagee has actually taken possession of chattels under the insecurity clause, they are no longer the subject of levy upon execution against the mortgagor, although the mortgage debt is not yet due.

Prior to default or taking possession, the mortgagor has an interest in the mortgaged property which may be levied upon. The mortgagee is not, by such levy, deprived of his right to treat the conditions of the mortgage as broken and to demand possession of the chattels. The authority of the sheriff ends when the right of the mortgagor to possession ends and proper demand is made. Hall v. Sampson, 35 N. Y. 274, 91 Am. Dec. 56; Hathaway v. Brayman, 42 N. Y. 322, 1 Am. Rep. 524; Keller v. Robinson & Co., 153 Ill. 458, 38 N. E. 1072.

Since the amendment of 1894 to section 1690, subd. 3, it is no longer necessary for the mortgagee, when the sheriff has seized the property under attachment while it is still in the possession of the mortgagor, "to follow the property into the hands of the purchaser," as suggested in Hathaway v. Brayman, supra. That was the rule when replevin could not be maintained against the sheriff, when "at the time of the seizure" plaintiff had not the right to reduce the chattels into his possession. As clearly indicated in Depew v. Beakes, supra, by the amendment of 1894 (L. 1894, c. 305), cases cited by defendant as controlling are inapplicable to the facts in this case, for, "at the time of the commencement of the action," plaintiff had the right to reduce the chattels to his possession.

It follows that the horses were not subject to attachment, and that the other chattels should have been delivered to plaintiff when he demanded possession thereof under his chattel mortgage, provided, always, that the mortgage was valid as against the attaching creditor.

Defendant relies on the words of the October mortgage, "take up outstanding mortgages covering part of the property hereinafter described," as evidence that the January mortgage, under which plaintiff now claims, had been "taken up" by the October mortgage. If part of the property described in the two mortgages was the same, some force might be found in this contention, but the property described in the two mortgages is not the same, except possibly as to two or three small items. On the contrary, it appears that the two horses covered by the January mortgage were, on payment of $400, released from the January mortgage and new security taken on other chattels to cover that amount, and that the release was duly filed. To that extent only the January mortgage was "taken up." It is not claimed that the mortgage debt was paid. The files of the town clerk contain nothing to mislead one into the conclusion that the January mortgage had been wholly "taken up." There were no "mortgages" on any substantial part of the property described in the October mortgage, and plain-

tiff held no mortgage on any substantial part of the property therein described. An ambiguity exists, but, read as a whole, the clause does not, under the circumstances, imply the discharge of the January mortgage. The property described in the October mortgage is in the main not affected by the January mortgage nor by this suit. The January mortgage seems to have been valid and existing, when this action was brought, as against the defendant in this suit.

[4] Questions of pleading have arisen. The complaint should contain "a plain and concise statement of the facts constituting the cause of action." Code Civ. Pro. § 481. It shows facts upon which plaintiff was entitled to the possession of the chattels at the time of the commencement of the action. It was unnecessary for him to say that he "deemed himself unsafe." The proofs follow the allegations of the complaint. This is a possessory action. Possession is claimed under the chattel mortgage. Unlawful detention is alleged. Plaintiff's complaint is clear on this point. Code Civ. Pro. §§ 1720, 1721.

[5] It is also urged that the failure of plaintiff to refile his mortgage at the end of the year and after the commencement of this action invalidates the same and deprives him of his remedy. Lien Law, § 235. If he had taken possession of the chattels, a subsequent refiling would have been unnecessary. Breeze v. Bayne, 202 N. Y. 206, 95 N. E. 727.

Code of Civil Procedure, § 1718, provides that:

"The plaintiff may proceed in the action and recover therein the chattel or its value, although he has not required the sheriff to replevy it."

The commencement of the action was the equivalent of taking possession as against the sheriff, and the rights of the parties were fixed thereby.

"The policy and intent of the enactments were to protect creditors and honest dealers with the property, against hidden and unknown liens; they had no thought of guarding wrongdoers." Marsden v. Cornell, 62 N. Y. 215, 221.

Defendant, wrongfully withholding possession, could not claim the protection of the statute.

Taking the mortgage to be valid, as on the evidence we must, it is a prior lien to the attachment, and the mortgagee is entitled to the property or to the amount of his claim.

Plaintiff is therefore entitled to the possession of the chattels or the amount of his mortgage indebtedness.