SANTA ODDO, as Administratrix, etc., of MARIANO ODDO, Deceased, Appellant, *v.* PATERSON BRIDGE COMPANY, Respondent.

Second Department, February 25, 1927.

Negligence — action for death of plaintiff's husband who was killed while working on steel construction of building — verdict for $6,500 was returned and plaintiff appeals on ground of inadequacy — most of facts were stipulated — intestate was thirty-three and widow over thirty — intestate was earning $45 per week — no stipulation as to regularity of employment, personal habits of deceased or amount he contributed to plaintiff — damages asked include expense of administration of decedent's estate — judgment demanded was $125,700 — while verdict seems moderate, it is not so inadequate as to require that it be set aside.

In an action to recover damages for the death of plaintiff's husband, who was killed while at work on the steel construction of a building, the jury returned a verdict for $6,500, and the plaintiff appeals on the ground of inadequacy. Most of the facts were stipulated by the parties, and it appears that at the time of the

accident the decedent was thirty-three years of age and his widow, plaintiff, over thirty; and that the decedent was earning $45 per week. There is no stipulation as to the regularity of decedent's employment, his personal habits, or the amount he contributed to his wife.

While the verdict appears to be moderate, still it does not seem to be so inadequate as to justify its being set aside on the ground of inadequacy.

APPEAL by the plaintiff, Santa Oddo, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Richmond on the 5th day of December, 1925, upon the verdict of a jury for $6,500, and also from an order entered in said clerk's office on the 12th day of November, 1925, denying plaintiff's motion for a new trial made upon the minutes.

The plaintiff appeals from a judgment in her favor upon the ground of the inadequacy of the verdict.

*Richard E. Weldon,* for the appellant.

*Clarence S. Zipp* [*E. C. Sherwood* with him on the brief], for the respondent.

KELLY, P. J. We appear to be committed to the doctrine that, in a death case, the amount of damages to be awarded for the pecuniary loss caused by the death is to be determined by the jury, not by the trial justice or the justices of the appellate courts. (*Bold* v. *Cushing,* 184 App. Div. 956; *Cantone* v. *Hines,* 196 id. 947; *Lyons* v. *City of New York,* Id. 949.)

In an " action for causing death of decedent " (Decedent Estate Law, art. 5, as added by Laws of 1920, chap. 919) it is provided: " § 132. Amount of recovery. The damages awarded to the plaintiff may be such a sum as the jury upon a writ of inquiry, or upon a trial,   *   *   *   deems to be a fair and just compensation for the pecuniary injuries, resulting from the decedent's death, to the person or persons, for whose benefit the action is brought."

The counsel for the parties at the trial, in what appears to be an effort to " expedite the trial," have attempted to stipulate the facts. The learned counsel for the plaintiff, having recited the facts relating to the happening of the accident which were conceded by the defendant, said: " Mr. Weldon: That I think makes out the *prima facie* case, if your Honor please, about liability. The Court: All right. Have you anything in there that at the time of his death plaintiff [*sic*] was living with his wife, the present widow? Mr. Weldon: I think I haven't that, but that is conceded. Mr. Clark: That is conceded. Mr. Weldon: It is further conceded that at the time of the death of decedent that he was living with his wife, the plaintiff in this action. I think, perhaps, if your Honor please, that is as far as we ought to go, and I ought

to call her to testify to the circumstances. The Court: Well, the purpose of it is to — Mr. Weldon: Expedite — The Court:— expedite the trial. Mr. Clark: I cannot see any particular purpose in calling the widow. I have conceded everything she can possibly testify to. Of course, that is up to Mr. Weldon. Mr. Weldon: No, I want you to understand me, Mr. Clark. I don't want to have any advantage in it, in putting the widow on the stand, if there would be any advantage. Mr. Clark: I thought there would be an advantage of shortening the trial by conceding all these things. Mr. Weldon: All right, then; I think perhaps that covers it. Nothing further occurs to me."

Then there was discussion between court and counsel, in which the counsel for the plaintiff suggested that he had an " actuary for the guidance of the jury" to show the expectancy of life. The trial justice said he would " take judicial notice of that." The decedent was thirty-three, the widow " thirty something." The undertaker's bill was $695, and counsel for defendant said he would stipulate that the undertaker if called would testify that it was a reasonable charge, but that he (defendant's counsel) thought the charge was unreasonable. It was conceded that decedent was earning $45 per week at the time of his death. The plaintiff then rested.

There is nothing in the printed record to show how much of the forty-five dollars decedent turned in to his wife. Nothing as to whether he was employed steadily, nothing as to his personal habits. It may be true that, in these death cases, the husbands are usually good men of excellent habits, who turn in all their money to their wives, but I refer to the fact that there is nothing in this record on the subject.

The counsel for the defendant called a witness who testified to the happening of the accident, and it appeared that the witness and the decedent were ironworkers employed by defendant in the erection of a building at One Hundred and Fifth street and West End avenue; that on the day of the accident the witness was on the sixth floor of the building, distributing the steel work which was brought up from the street level; that while the witness and his fellow-employees were so engaged, the witness lost his balance and a piece of steel which he was carrying rolled off the floor and dropped down to the second floor, and apparently fell upon or struck the decedent and killed him.

This was the only witness called for the defendant. The defendant then rested and renewed a motion to dismiss the complaint on the ground that no negligence had been proved; the motion was denied and counsel summed up the case.

The learned trial justice then charged the jury carefully and properly; no exception was taken to his charge which in any way affects the question presented to the court on this appeal.

He submitted two questions to the jury:

" Question No. 1. Has the plaintiff proved that the defendant was negligent? Answer: Yes.

" Question No. 2. What damages did the plaintiff sustain? Answer: $6,500."

The jury finding a verdict for plaintiff for $6,500, plaintiff moved to set it aside as inadequate. The motion was denied and plaintiff excepted. The defendant's counsel stated on the record that defendant would pay the judgment.

The complaint alleges that decedent was in good health and steadily employed, but this paragraph 7th is denied in the answer. It is also alleged in the complaint that the next of kin are the widow, thirty-two years of age, and the mother of the decedent, sixty-five years of age, and the complaint alleges that the funeral expenses of deceased were $700, and " expenses of the administration of his estate and plaintiff's commissions as administratrix, will amount to the sum of Twenty-five thousand ($25,000.00) Dollars."

This last item of damage in an action of this description is rather novel. Judgment was demanded for $125,700.

Upon this record can this court say that the verdict of the jury for $6,500 is inadequate or insufficient?

I am free to say that as verdicts go nowadays it seems to be a moderate verdict, to say the least.

But, on the other hand, the learned trial justice carefully and correctly charged the law governing the award of damages. The courts have long recognized that the determination in a death case, of the pecuniary value of the loss of future benefits which would have resulted to the next of kin from the continued life of the deceased, involves elements necessarily uncertain in their nature and incapable of direct proof, which must be left to a jury to determine in their discretion upon such evidence as can be presented, and which must be at the best inadequate and unsatisfactory. In considering this question the jury must exercise their sound judgment based on their own experience and observation of the uncertainties of life and hopes. (*Ihl* v. *Forty-second Street, etc., R. R. Co.,* 47 N. Y. 317; *Houghkirk* v. *President, etc., D. & H. C. Co.,* 92 id. 219, 225; *Countryman* v. *Fonda, J. & G. R. R. Co.,* 166 id. 201, 208; *Predmore* v. *Consumers' Light & Power Co.,* 99 App. Div. 551; *Smith* v. *Lehigh Valley R. R. Co.,* 177 N. Y. 379, 384; *Morton* v. *Smith Hoisting Co.,* 152 App. Div. 738; *Long* v. *Union*

*Railway Co.,* 122 id. 564; *Sciurba* v. *Metropolitan Street R. Co.,* 73 id. 170.) No exception was taken to the charge as to the rule of damages. There is necessarily an element of speculation in all such verdicts. The jury may have considered the highly dangerous character of the occupation of the deceased in estimating his years of expectancy.

I do not say that, if a verdict in a death case is for nominal damages or for an insufficient amount so that on its face it indicates prejudice, passion, corruption or partiality, the court is without power to interfere (*Morris* v. *Metropolitan Street R. Co.,* 51 App. Div. 512-515), but in the case at bar we have a verdict for $6,500, and I do not think we can say that on its face it is open to the criticism to which I have referred.

The judgment and order denying plaintiff's motion to set aside the verdict and for a new trial should be affirmed, without costs.

Present — KELLY, P. J., MANNING, YOUNG, LAZANSKY and HAGARTY, JJ.

Judgment and order denying plaintiff's motion to set aside the verdict and for a new trial unanimously affirmed, without costs.