742

ELIZABETH WHITE, as Administratrix, etc., of JOHN WHITE, Deceased, Respondent v. PETER LAVALLE, Appellant.— Order setting aside verdict and granting a new trial reversed upon the law, without costs, and verdict reinstated,■ without costs. In the record presented we find nothing that would justify this court in interfering with the assessment of damages made by the jury, in view of the rule established by many cases brought to recover damages for wrongful death. (*Oddo* v. *Paterson Bridge Co.*, 219 App. Div. 518, and cases there cited.) Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

CHESTER K. WIGGINS, Appellant, v. HELEN H. RUSSEL, Defendant, and WARREN O'BRIEN and EDWARD P. KENNEY, as Assignee, etc., Respondents.— Order of Appellate Term modified so as to provide that the judgment appealed from shall be without prejudice to plaintiff's right to commence a new action, and as so modified unanimously affirmed, with costs to respondents. The Municipal Court had no jurisdiction to entertain this action. (N. Y. City Mun. Ct. Code, § 73■ *Commonwealth Finance Corp.* v. *De Vito*, 179 N. Y. Supp. 67.) Plaintiff made the chattel mortgagor a party defendant and asked for a relief against her in the complaint. Although in default, she was a party to the action and judgment could be entered against her. The fact that only the other defendants are withholding possession does not alter the fact that this is an action in replevin and is against the mortgagor. We think that an action in replevin would lie against the other defendants alone under the language of section 73 (*supra*). Under section 237 of the Lien Law, however, plaintiff cannot rely in such an action simply upon proof of a certified copy of the chattel mortgage. (*Tickner* v. *Mesel*, 195 N. Y. Supp. 234.) The original must be produced, or its absence accounted for, and its execution and delivery to plaintiff proved. The default alleged in the complaint must also be proved. An allegation of default in payment under the chattel mortgage is not made by an admission in the answers or a concession on the trial that defendants are withholding possession. Such withholding under process of law is not within the language of the chattel mortgage prohibiting the voluntary removal by the mortgagor of the chattels in question. Such removal may furnish a ground for plaintiff to proceed under the insecurity clause in the mortgage. (*Crutts* v. *Daly*, 84 Misc. 192, and cases cited; *Lathrop* v. *Twelfth Ward Bank*, 146 App. Div. 567.) Young, Hagarty and Seeger, JJ., concur; Lazansky, P. J., and Carswell, J., concur in result.

MADELINE A. WILL, Appellant, v. LOUIS GALLUCCI and Others, Respondents.— Order granting motion said to be for an order awarding judgment to the defendants against the plaintiff on the ground that the defendants are entitled to summary judgment on the pleadings pursuant to rules 112 and 113 of the Rules of Civil Practice, which has been treated as a motion to dismiss the complaint, and also canceling the *lis pendens*, reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. A cause of action is set forth in the complaint. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.